**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
  rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MCKAY, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>SAZERAC COMPANY, INC.,<br><br>      Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT; FALSE ADVERTISING; FRAUD, DECEIT, AND/OR MISREPRESENTATION; UNFAIR BUSINESS PRACTICES; AND UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     Plaintiff Christopher McKay, by and through his counsel, brings this class action against Sazerac Company, Inc. ("Defendant"), the maker of Fireball Cinnamon Whisky ("Fireball Whisky"), to seek redress for Defendant's false, deceptive and unlawful practices in labeling and marketing its mini bottles of Fireball malt beverage (the "Product(s)" or "Fake Fireball").

2.     Defendants deceive consumers into purchasing Fake Fireball by using (1) labeling that is substantially identical to their Fireball Whisky product for their Fake Fireball Product; (2) an ingredients list that is described in a confusing manner that suggests that whisky is an ingredient of the Fake Fireball Product (even though it has no whisky just whisky flavor); and (3) deceptive packaging that is customarily used for a single-serving of a distilled alcoholic spirits. This causes reasonable consumers to purchase the Products believing

that they are purchasing a single serving of Fireball Whisky. However, the Products are not Fireball Whisky but are malt beverages with added whisky flavor and significantly less alcohol than Fireball Whisky.

3.     Defendant's misleading practices have caused thousands of consumers to mistakenly purchase Defendant's inferior malt Product, thinking that they are purchasing a full serving of Fireball Whisky. However, the Product has approximately half the alcohol by volume of true Fireball Cinnamon Whisky. Thus, consumers receive half the alcohol / value that they believe that they are purchasing.

## PARTIES

4.     Christopher McKay ("McKay") is, and at all times alleged in this Class Action Complaint was, an individual and a resident of Potter Valley, California. He makes his permanent home in California and intends to remain in California

5.     Defendant Sazerac Company, Inc. is a corporation existing under the laws of the State of Louisiana, having its principal place of business in Louisville, Kentucky.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2). The aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and Plaintiff and Defendant are citizens of different states.

7.     The injuries, damages and/or harm upon which this action is based, occurred or arose out of activities engaged in by Defendant within, affecting, and emanating from, the State of California. Defendant regularly conducts and/or solicits business in, engages in other persistent courses of conduct in, and/or derive substantial revenue from products provided to persons in the State of California. Defendant has engaged, and continues to engage, in substantial and continuous business practices in the State of California.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the state of California, including within this District.

9.     In accordance with California Civil Code Section 1780(d), Plaintiff

concurrently files herewith a declaration establishing that, at various times throughout the class period, he purchased the Products on one or more occasions in Mendocino County, California within the last three years in reliance on Defendant's false and misleading conduct which causes consumers to believe that the Products are Fireball Whisky. (Plaintiff's declaration is attached hereto as Exhibit A.)

10.     Plaintiff accordingly alleges that jurisdiction and venue are proper in this Court.

## SUBSTANTIVE ALLEGATIONS

### Defendant's Products

11.     Defendant manufactures, distributes, markets, advertises, and sells alcohol a number of alcoholic beverages, including one under the brand name "Fireball."

12.     Defendant's flagship product, Fireball Cinnamon Whisky, has been sold in the United States since 1989. It is a Canadian whisky with added cinnamon syrup and sweeteners. Fireball Cinnamon Whisky is 66 proof or 33 percent alcohol by volume (ABV). Fireball Cinnamon Whisky is sold in a variety of sizes, including, without limitation, 1.75L bottles, 100ML bottles, 1.75L PET bottles, 1L bottles, 750ML PET bottles, and 50 ML bottles, singly or a variety of Carrier Packs—e.g., 6, 12 or 20 Carrier Packs / "Party Buckets".

13.     Fireball is wildly popular. It is sold in most liquor stores and retail establishments with licenses to sell (hard) alcohol. Indeed, Fireball is the fifth best-selling spirit in the United States. Consumers of Fireball prefer distilled spirits or products containing distilled spirits to malt or wine-based beverages.

14.     Unsatisfied, Defendant sought to expand the numbers of locations in which it could sell its products. It did so falsely, unfairly and deceptively.

15.     In 2020, Defendant debuted another Fireball product, with nearly identical product labeling. It also called it Fireball. But unlike the Fireball Cinnamon Whisky, this Fireball product contains no whisky; instead, it is a malt or wine-based beverage with added cinnamon syrup, sweeteners, and whisky flavors. And, unlike real whisky, which by law must be a distilled spirit, a malt beverage is fermented to create a neutral base to which flavors and colors may be added. Moreover, this Fireball is about half the potency—33-proof (or 16.5 %

ABV)—for the same price or more than actual Fireball Whisky. Moreover, Defendant only packages the Fake Fireball in 50 ML miniature bottles, because it knows that that particular packaging—i.e., "minis," miniatures, trial size, shots, shooters, nips or airplane bottles—is strictly associated with distilled spirits.

16.     Defendant accomplished its nefarious goal. It expanded the Fireball market to an additional 170,000 stores nationwide that have beer and wine licenses but no liquor licenses, including, in California, gas stations, convenience stores, and other retail establishments with only a beer and wine license.

17.     Defendant also intentionally and deceptively labels the Fireball Cinnamon Whisky and Fake Fireball beverages nearly identically so that consumers do not notice the difference and are unaware that Fake Fireball does not contain whisky. Consumers would have to intentionally read the very fine print on the miniature bottles to learn that Fake Fireball is not just a smaller version of the Fireball Cinnamon Whisky. As shown in the photos below, the labels are identical except the Fake Fireball version (on the right) does not include the word "whisky" in the title. This small change goes unnoticed by almost every purchaser of alcohol, as these bottles are small and are often displayed behind a counter.

/ / /

/ / /

/ / /



18.     The most prominent word on the bottles, "Fireball," is not qualified with the word "brand," which could alert purchasers what they are buying has little connection to cinnamon whisky.

19.     Moreover, even if a consumer did fly speck the label and notice that the Fake Fireball lacks the word whisky next to "CINNAMON" on the bottom of the front label, Defendant's statement of composition utilizes an intentionally ambiguous, intentionally deceptive description of the Fake Fireball to insure that consumers are misled as to the Product's actual content. The statement of composition, included in the smallest size allowed, states: "Malt Beverage With Natural Whisky & Other Flavors and Carmel Color." Thereby, even if a consumer studies the label at checkout, they are still misled to believe that the Product includes "Natural Whisky."  Consumers that read the statement of composition will believe that the beverage is a malt beverage with added (1) natural whisky; (2) other flavors and (3) caramel color. In truth, the Fake Fireball product contains no natural whisky. Defendant, of course, intends to say "Malt Beverage With Natural Whisky *Flavor*, Other Flavors & Carmel Color," but it did not do so in order to perpetrate its false, deceptive and misleading act.

20.     Defendants' packaging is also misleading and adds to the deceptive marketing of the Fake Fireball. Miniature bottles are associated with distilled spirits because they are the appropriate size for approximately one-serving (also known as a "shot" or "shooters" to drinkers). For distilled spirits, a normal serving size is 1.5 ounces (44.36 ML).

https://www.niaaa.nih.gov/alcohols-effects-health/overview-alcohol-consumption/what-standard-drink). A miniature bottle fits this perfectly with a little room to spare. However, the ordinary serving size for a malt beverage is 10 ounces. *Id.* Defendant's use of the miniature bottle is intended to convey to consumers that they are purchasing a single serving of the Product. However, the bottle provides less than 1/6 of a serving of malt liquor.

21.     Defendant intends that consumers believe, and consumers do believe, that the Fireball Malt Beverage mini bottles are smaller versions of Fireball Whisky. Consumer confusion is widespread. Liquor stores have reported a decline in sales of Fireball Cinnamon Whisky, confirmed by their customers who told them they preferred to purchase it elsewhere.[1] One radio personality who saw a "huge Fireball display in front of the cash register [] at a gas station" wondered if "th[at] specific store [was] doing something they're not supposed to be doing[?]" by selling "cinnamon flavored whiskey!!"[2]

### PLAINTIFF'S EXPERIENCES

22.     Plaintiff purchased the Fake Fireball minis on one or more occasions from Speedway gas stations in Mendocino County, California within the last three years.

23.     Plaintiff is like many consumers of alcoholic beverages who prefers distilled spirits or products containing distilled spirits to malt-based beverages, particularly when he purchases minis or shooters.

24.     Plaintiff saw the labeling elements of the Fake Fireball and did not notice the differences from the Fireball Cinnamon Whisky. Indeed, Plaintiff believed, falsely, that he was purchasing a full serving of True Fireball. Plaintiff relied upon Defendant's labels and packaging which he reasonably understood was a single-serving of Fireball Whisky.

25.     Plaintiff expected the Fake Fireball to be True Fireball and contain the alcohol volume of a single serving of whisky. At the time of his purchase(s) of the Fake Fireball, Plaintiff did not know that the it was deceptively labeled in that the Fake Fireball minis that

---

[1] Steve Barnes, Fireball whisky minis in a supermarket? Actually, no, Table Hopping Blog, Albany Times Union, Apr. 8, 2021.
[2] CJ McIntyre, Since When Can You Buy Fireball at Gas Stations in the Hudson Valley?, Hudson Valley Country, May 14, 2021.

Plaintiff purchased were malt beverage flavored to taste like whisky.

26.     The value of the Fake Fireball that Plaintiff purchased was materially less than its value as represented by Defendant. Plaintiff would not have purchased the Fake Fireball, or at a minimum, would have paid less for the Fake Fireball Product than he would have had he known the representations and omissions were false and misleading.

27.     Plaintiff is unable to rely on the labeling of not only this Product, but other flavored malt beverages which use the names of distilled spirits, because he is unsure of whether their representations are truthful. Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance its representations are consistent with its attributes and/or composition.

## CLASS ALLEGATIONS

28.     Plaintiff brings this class action lawsuit on behalf of himself and a proposed class of similarly situated persons, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure. Plaintiff seeks to represent the following groups of similarly situated persons, defined as follows:

**The Class: All persons in the state of California who purchased the Fake Fireball between February 3, 2019 and the present.**

29.     This action has been brought and may properly be maintained as a class action against Defendant because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

30.     Numerosity: Plaintiff does not know the exact size the Class, but he estimates that each is composed of more than 100 persons. The persons in the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

31.     Common Questions Predominate: This action involves common questions of law and fact to the potential Class because each class member's claim derives from the deceptive, unlawful and/or unfair statements and omissions that led consumers to believe that the Products contain the same ingredients and alcohol content as the Fireball Whisky and/or

contained distilled spirits. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class to recover. The questions of law and fact common to the Class are:

a.  Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive and/or unlawful;

b.  Whether Defendant's advertising and marketing regarding the Products sold to the class members was likely to deceive reasonable consumers;

c.  Whether a reasonable consumer interprets the labels to mean the Products provide the same ingredients and alcohol content as the Fireball Whisky and/or contained distilled spirits;

d.  Whether Defendant's actions violate Federal and California laws invoked herein;

e.  Whether labeling the Products with false and misleading claims causes them to command a price premium in the market as compared with similar products that do not make such misrepresentations;

f.  Whether Defendant engaged in the behavior knowingly, recklessly, or negligently;

g.  The amount of profits and revenues earned by Defendant as a result of the conduct;

h.  Whether class members are entitled to restitution, injunctive and other equitable relief and, if so, what is the nature (and amount) of such relief; and

i.  Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

32.  Typicality: Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all such claims arise out of the same wrongful course of conduct engaged in by Defendant in violation of law as complained of herein. Further, the

damages of each member of the Class were caused directly by Defendant's wrongful conduct in violation of the law as alleged herein.

33.     Adequacy of Representation: Plaintiff will fairly and adequately protect the interests of all Class members because it is in his best interest to prosecute the claims alleged herein to obtain full compensation due to his for the unfair and illegal conduct of which he complains. Plaintiff also has no interests that are in conflict with, or antagonistic to, the interests of class members. Plaintiff has retained highly competent and experienced class action attorneys to represent their interests and that of the Class. By prevailing on his own claims, Plaintiff will establish Defendant's liability to all class members. Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for Class members.

34.     Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

35.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**CAUSES OF ACTION**
**PLAINTIFF'S FIRST CAUSE OF ACTION**
**(Violation of the Consumers Legal Remedies Act (the "CLRA"), California Civil Code §
1750, *et seq.*)**
**On Behalf of Plaintiff and the Class**

36.     Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint as if set forth herein.

37.     Defendant's actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

38.     Plaintiff and other class members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

39.     The Products that Plaintiff (and other similarly situated Class members) purchased from Defendant were "goods" within the meaning of California Civil Code § 1761(a).

40.     Defendant's acts and practices, set forth in this Class Action Complaint, led consumers to falsely believe that the Fake Fireball Products provided the same product, ingredients and alcohol content as the Fireball Whisky and/or contained whisky or distilled spirits. By labeling and packaging the Fake Fireball Products, as it did, in 50 ML miniature bottles, Defendant led consumers to falsely believe that they were purchasing the same product, ingredients and alcohol content as Fireball Whisky and/or a beverage that contained whisky or distilled spirit.

41.     By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate, § 1770(a)(2), § 1770(a)(5), § 1770(a)(7), and § 1770(a)(8), of the CLRA. In violation of California Civil Code §1770(a)(2), Defendant's acts and practices constitute improper representations regarding the source, sponsorship, approval, or certification of the goods they sold. In violation of California Civil Code §1770(a)(5), Defendant's acts and practices constitute improper representations that the goods they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have. In violation of California

Civil Code §1770(a)(7), Defendant's acts and practices constitute improper representations that the goods it sells are of a particular standard, quality, or grade, when they are of another. In violation of California Civil Code §1770(a)(8), Defendant has disparaged the goods, services, or business of another by false or misleading representation of fact.

42.     Plaintiff requests that this Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff and the other members of the Class will continue to suffer harm. Plaintiff and those similarly situated have no adequate remedy at law to stop Defendant continuing practices.

43.     **CLRA § 1782 NOTICE.** Irrespective of any representations to the contrary in this Class Action Complaint, Plaintiff specifically disclaims, at this time, any request for damages under any provision of the CLRA. Plaintiff, however, hereby provides Defendant with notice and demand that within thirty (30) days from that date, Defendant correct, repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein. Defendant's failure to do so will result in Plaintiff amending this Class Action Complaint to seek, pursuant to California Civil Code § 1780(a)(3), on behalf of himself and those similarly situated class members, compensatory damages, punitive damages and restitution of any ill-gotten gains due to Defendant's acts and practices. In particular, Plaintiff will seek to recover on behalf of himself and those similarly situated, the price premium paid for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

44.     Plaintiff also requests that this Court award him costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d).

**PLAINTIFF'S SECOND CAUSE OF ACTION**

**(False Advertising, Business and Professions Code § 17500, *et seq.* ("FAL"))**
**On Behalf of Plaintiff and the Class**

45.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

46.     Beginning at an exact date unknown to Plaintiff, but within three (3) years preceding the filing of the Class Action Complaint, Defendant made false, deceptive and/or misleading statements in connection with the advertising and marketing of the Products.

47.     Defendant made representations and statements (by omission and commission) that led reasonable customers to believe that the Products contain the same Fireball product, ingredients and alcohol content as the Fireball Whisky and/or contained whisky or distilled spirits.

48.     Plaintiff and those similarly situated relied to their detriment on Defendant's false, misleading and deceptive advertising and marketing practices, including each of the misrepresentations and omissions set forth above. Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation, refraining from purchasing the Products or paying less for them.

49.     Defendant's acts and omissions are likely to deceive the general public.

50.     Defendant engaged in these false, misleading and deceptive advertising and marketing practices to increase its profits. Accordingly, Defendant has engaged in false advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and Professions Code.

51.     The aforementioned practices, which Defendant used, and continues to use, to its significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors as well as injury to the general public.

52.     As a direct and proximate result of such actions, Plaintiff and the other class members have suffered, and continue to suffer, injury in fact and have lost money and/or

property as a result of such false, deceptive and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiff, and those similarly situated, paid a price premium for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's false, deceptive and misleading advertising. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis. Alternatively, Plaintiff and those similarly situated will seek a full refund of the price paid upon proof that the sale of the Products was unlawful.

53.     Plaintiff seeks equitable relief, including restitution, with respect to his FAL claims. Pursuant to Federal Rule of Civil Procedure 8(e)(2), Plaintiff makes the following allegations in this paragraph only hypothetically and as an alternative to any contrary allegations in their other causes of action, in the event that such causes of action will not succeed. Plaintiff and the Class may be unable to obtain monetary, declaratory and/or injunctive relief directly under other causes of action and will lack an adequate remedy at law, if the Court requires him to show classwide reliance and materiality beyond the objective reasonable consumer standard applied under the FAL, because Plaintiff may not be able to establish each Class member's individualized understanding of Defendant's misleading representations as described in this Complaint, but the FAL does not require individualize proof of deception or injury by absent class members. *See, e.g., Ries v. Ariz. Bevs. USA LLC*, 287 F.R.D. 523, 537 (N.D. Cal. 2012) ("restitutionary relief under the UCL and FAL 'is available without individualized proof of deception, reliance, and injury.'").

54.     Plaintiff seeks, on behalf of himself and those similarly situated, a declaration that the above-described practices constitute false, misleading and deceptive advertising.

55.     Plaintiff seeks, on behalf of himself and those similarly situated, an injunction to prohibit Defendant from continuing to engage in the false, misleading and deceptive advertising and marketing practices complained of herein. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to

violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendant to which they are not entitled. Plaintiff, those similarly situated and/or other consumers have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

### PLAINTIFF'S THIRD CAUSE OF ACTION
**(Common Law Fraud, Deceit and/or Misrepresentation)**
**On Behalf of Plaintiff and the Class**

56.    Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

57.    Defendant has fraudulently and deceptively informed Plaintiff that the Products provide the same ingredients and alcohol content as the Fireball Whisky and/or contain distilled spirits.

58.    These misrepresentations and omissions were known exclusively to, and actively concealed by, Defendant, not reasonably known to Plaintiff, and material at the time they were made. Defendant knew the composition of the Products, and knew that the Products did not contain the same Fireball product, ingredients or alcohol content as Fireball Whisky, and that the Fake Fireball Products did not contain distilled spirits and/or whisky, and results in misleading consumers. Defendant's misrepresentations and omissions concerned material facts that were essential to the analysis undertaken by Plaintiff as to whether to purchase Defendant's Products. In misleading Plaintiff and not so informing Plaintiff, Defendant breached its duty to him. Defendant also gained financially from, and as a result of, its breach.

59.    Plaintiff and those similarly situated relied to their detriment on Defendant's misrepresentations and fraudulent omissions. Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation: (i) declining to purchase the Products, (ii) purchasing less of them, or (iii) paying less for the Products.

60.    By and through such fraud, deceit, misrepresentations and/or omissions, Defendant intended to induce Plaintiff and those similarly situated to alter their position to their detriment. Specifically, Defendant fraudulently and deceptively induced Plaintiff and those similarly situated to, without limitation, purchase the Products and/or pay more for the Products.

61.    Plaintiff and those similarly situated justifiably and reasonably relied on Defendant's misrepresentations and omissions, and, accordingly, were damaged by Defendant.

62.    As a direct and proximate result of Defendant's misrepresentations and/or omissions, Plaintiff and those similarly situated have suffered damages, including, without limitation, the amount they paid for the Products.

63.    Defendant's conduct as described herein was willful and malicious and was designed to maximize Defendant's profits even though Defendant knew that it would cause loss and harm to Plaintiff and those similarly situated.

## PLAINTIFF'S FOURTH CAUSE OF ACTION
**(Unlawful, unfair, and fraudulent trade practices violation of Business and Professions Code § 17200, *et seq.*)**
**On Behalf of Plaintiff and the Class**

64.    Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

65.    Within four (4) years preceding the filing of this lawsuit, and at all times mentioned herein, Defendant has engaged, and continues to engage, in unlawful, unfair, and fraudulent trade practices in California by engaging in the unlawful, unfair, and fraudulent business practices outlined in this complaint.

66.    In particular, Defendant has engaged, and continues to engage, in unlawful practices by, without limitation, violating the following state and federal laws: (i) the CLRA as described herein; and (ii) the FAL as described herein.

67.    In particular, Defendant has engaged, and continues to engage, in unfair and fraudulent practices by, without limitation, misrepresenting that the Products provide the same ingredients and alcohol content as the Fireball Whisky and/or contained whisky or distilled

spirits. By labeling and packaging the Fake Fireball Products, as it did, in 50 ML miniature bottles, Defendant led consumers to falsely believe that they were purchasing the same product, ingredients and alcohol content as Fireball Whisky and/or a beverage that contained whisky or distilled spirit.

68.     Plaintiff and those similarly situated relied to their detriment on Defendant unlawful, unfair, and fraudulent business practices. Had Plaintiff and those similarly situated been adequately informed and not deceived by Defendant, they would have acted differently by, without limitation: (i) declining to purchase the Products, (ii) purchasing less of the Products, or (iii) paying less for the Products.

69.     Defendant's acts and omissions are likely to deceive the general public.

70.     Defendant engaged in these deceptive and unlawful practices to increase its profits. Accordingly, Defendant has engaged in unlawful trade practices, as defined and prohibited by section 17200, *et seq.* of the California Business and Professions Code.

71.     The aforementioned practices, which Defendant has used to its significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors as well as injury to the general public.

72.     As a direct and proximate result of such actions, Plaintiff and the other Class members, have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiff and those similarly situated paid a price premium for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis. Alternatively, Plaintiff and those similarly situated will seek a full refund of the price paid upon proof that the sale of the Products was unlawful.

73.     As a direct and proximate result of such actions, Defendant has enjoyed, and continues to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

74.     Plaintiff seeks, on behalf of himself and those similarly situated, equitable relief, including restitution for the premium and/or the full price that they and others paid to Defendant as result of Defendant's conduct. Plaintiff and the Class lack an adequate remedy at law to obtain such relief with respect to their "unfairness" claims in this UCL cause of action, because there is no cause of action at law for "unfair" conduct. Plaintiff and the Class similarly lack an adequate remedy at law to obtain such relief with respect to their "unlawfulness" claims in this UCL cause of action because the Sherman Law and the Federal laws and regulations referenced herein do not provide a direct cause of action, so Plaintiff and the Class must allege those violations as predicate acts under the UCL to obtain relief.

75.     Plaintiff also seeks equitable relief, including restitution, with respect to his UCL unlawfulness claims for violations of the CLRA, FAL and his UCL "fraudulent" claims. Pursuant to Federal Rule of Civil Procedure 8(e)(2), Plaintiff makes the following allegations in this paragraph only hypothetically and as an alternative to any contrary allegations in their other causes of action, in the event that such causes of action do not succeed. Plaintiff and the Class may be unable to obtain monetary, declaratory and/or injunctive relief directly under other causes of action and will lack an adequate remedy of law, if the Court requires them to show classwide reliance and materiality beyond the objective reasonable consumer standard applied under the UCL, because Plaintiff may not be able to establish each Class member's individualized understanding of Defendant's misleading representations as described in this Complaint, but the UCL does not require individualized proof of deception or injury by absent class members. *See, e.g., Stearns v Ticketmaster*, 655 F.3d 1013, 1020, 1023-25 (distinguishing, for purposes of CLRA claim, among class members for whom website representations may have been materially deficient, but requiring certification of UCL claim for entire class). In addition, Plaintiff and the Class may be unable to obtain such relief under other causes of action and will lack an adequate remedy at law, if Plaintiff is unable to demonstrate the

requisite *mens rea* (intent, reckless, and/or negligence), because the UCL imposes no such *mens rea* requirement and liability exists even if Defendant acted in good faith.

76.     Plaintiff seeks, on behalf of himself and those similarly situated, a declaration that the above-described trade practices are fraudulent, unfair, and/or unlawful.

77.     Plaintiff seeks, on behalf of himself and those similarly situated, an injunction to prohibit Defendant from continuing to engage in the deceptive and/or unlawful trade practices complained of herein. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendant to which they were not entitled. Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

### PLAINTIFF'S FIFTH CAUSE OF ACTION
**(Unjust Enrichment)**
**On Behalf of Plaintiff and the Class**

78.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

79.     Plaintiff and members of the Class conferred a benefit on the Defendant by purchasing the Products.

80.     Defendant has been unjustly enriched in retaining the revenues from Plaintiff's and Class Members' purchases of the Products, which retention is unjust and inequitable, because Defendant falsely represented that the Products provide the same ingredients and alcohol content as the Fireball Whisky and/or contained distilled spirits when, in fact, the Products are instead made of a malt liquor, contain no distilled spirits, and contain a substantially reduced percentage of alcohol than Fireball Whisky. By labeling and packaging the Fake Fireball Products, as it did, in 50 ML miniature bottles, Defendant led consumers to falsely believe that they were purchasing the same product, ingredients and alcohol content as

Fireball Whisky and/or a beverage that contained whisky or distilled spirit. This harmed Plaintiff and members of the class because they paid a price premium as a result.

81.     Because Defendant's retention of the non-gratuitous benefit conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for its unjust enrichment, as ordered by the Court. Plaintiff and those similarly situated have no adequate remedy at law to obtain this relief.

82.     Plaintiff, therefore, seeks an order requiring Defendant to make restitution to him and other members of the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, respectfully requests that the Court enter judgement against Defendant as follows:

A.     Certification of the proposed Class, including appointment of Plaintiff's counsel as class counsel;

B.     An order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.     An award of compensatory damages in an amount to be determined at trial, except as to those causes of action where compensatory damages are not available at law;

D.     An award of statutory damages in an amount to be determined at trial, except as to those causes of action where statutory damages are not available at law;

E.     An award of punitive damages in an amount to be determined at trial, except as to those causes of action where punitive damages are not available at law;

F.     An award of treble damages, except as to those causes of action where treble damages are not available at law;

G.     An award of restitution in an amount to be determined at trial, except as to those causes of action where restitution is not available at law;

H.     An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

I.     For reasonable attorneys' fees and the costs of suit incurred; and

J. For such further relief as this Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: February 3, 2023

      **GUTRIDE SAFIER LLP**

      */s/Seth A. Safier/s/*
      Seth A. Safier (State Bar No. 197427)
       seth@gutridesafier.com
      Marie A. McCrary (State Bar No. 262670)
       marie@gutridesafier.com
      Rajiv V. Thairani (State Bar No. 344390)
       rajiv@gutridesafier.com
      100 Pine Street, Suite 1250
      San Francisco, CA 94111
      Telephone: (415) 639-9090
      Facsimile:  (415) 449-6469

      *Attorneys for Plaintiff*

DocuSign Envelope ID: E6E5FDB6-525D-44B9-8F0B-0ECC57ABB709

## EXHIBIT A

I, CHRISTOPHER MCKAY, declare:

1.      I am a Plaintiff in this action. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2.      I submit this Declaration pursuant to California Code of Civil Procedure § 2215.5 and California Civil Code § 1780(d).

3.      As set forth in my complaint, I purchased Fireball Cinnamon minis on one or more occasions from Speedway gas stations in Mendocino County, California within the last three years.

4.      I believed that the Fireball Cinnamon minis were a smaller version of the Fireball Cinnamon Whisky and that the products I purchased contained distilled spirits.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this ___ day of February, 2023 in Potter Valley, California.

2/3/2023

DocuSigned by:

E46BB8151DE94B0...

CHRISTOPHER MCKAY

EXHIBIT A – DECLARATION RE CAL. CIV. CODE § 1780(D) JURISDICTION