# Exhibit A

## GUTRIDE SAFIER LLP RESUME

Gutride Safier LLP represents investors, small businesses, consumers and employees in a wide-array of class action litigation throughout the country. The attorneys of GSLLP are skilled litigators with years of experience at all levels of federal and state court. GSLLP is based in San Francisco, California, and has office addresses in Seattle, Washington and Boulder, Colorado. Members of the firm are licensed to practice in California, Texas, Colorado, New York, Massachusetts, Oregon, Washington, and the District of Columbia.

As described in detail below, GSLLP attorneys have represented consumers and small businesses in appeals to the Ninth Circuit (Section A), have obtained important victories on legal issues at the district court level (Section B), achieved settlements in class action cases to make available to class members over $500 million in cash and other settlement benefits (Section C), and have won praise from numerous judges (Section D). As shown in the individual attorney biographies, GSLLP attorneys have strong academic credentials and extensive experience litigating complex cases (Section E). GSLLP has been appointed as class counsel in over a dozen cases (Appendix A) and is currently counsel for plaintiffs in many other cases asserting class claims that have not yet been certified in both federal and state court (Appendix B).

**A.   Key Appellate Cases**

- ***McArdle v. AT&T Mobility LLC, et al.*, 772 F. App'x 575, No. 17-17246 (9th Cir. June 28, 2019) (certiorari denied June 1, 2020)**
  The Ninth Circuit ruled in favor of our client, affirming the district court order that invalidated AT&T's arbitration agreement, pursuant to *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017), because the provision contained a public injunctive relief waiver. The Ninth Circuit held that **the Federal Arbitration Act did not preempt California's *McGill* rule** and that AT&T's arbitration agreement was null and void in its entirety.

- ***Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017)**
  The Ninth Circuit ruled in favor of our client, reversing the district court. It held that our client had **Article III standing to seek injunctive relief** regarding the false labeling of "flushable wipes," even though she was already on notice of the misrepresentation. This ruling resolved a split among the district courts. The *en banc* petition was denied.

- ***Just Film, Inc. v. Buono*, 847 F.3d 1108 (9th Cir. 2017)**
  The Ninth Circuit ruled in favor of our client, affirming the district court order certifying two nationwide classes of small business owners defrauded in a scheme that involved equipment leases and credit card processing services. The Ninth Circuit **upheld certification despite differences** between claims of named plaintiffs and certain absent class members and even though assessment of damages would require individual inquiry.

- ***Just Film, Inc. v. Merch. Servs., Inc.*, 474 F. App'x 493 (9th Cir. 2012)**
  The Ninth Circuit ruled in favor of our client, affirming a district court's order issuing a **preliminary injunction prior to class certification,** to prevent further collection activities in connection with equipment leases. The Ninth Circuit held that the district court "did not abuse its discretion by finding sufficient evidence to support its preliminary injunction, which was carefully tailored to maintain the status quo where class certification is pending and the plaintiff has shown that a class-wide injunction is necessary to remedy the alleged class-wide harm."

- ***Stearns v. Ticketmaster Corp.*, 655 F.3d 1013 (9th Cir. 2011)**
  The Ninth Circuit ruled in favor of our clients, reversing district court orders that had dismissed certain claims and denied class certification on other claims. The Ninth Circuit held that our clients had pled viable claims that they were deceived into registering for a

coupon program with a paid monthly subscription by a website "click through" and that the defendant was liable to all consumers, even those who may have wanted to enroll. The Court held that a showing of class-wide reliance was not required for certification of a UCL claim and established the standard that "California has created what amounts to a conclusive presumption that **when a defendant puts out tainted bait and a person sees it and bites, the defendant has caused an injury**; restitution is the remedy."

- ***Chavez v. Blue Sky Nat. Bev. Co.,*** **340 F. App'x 359 (9th Cir. 2009)**
  The Ninth Circuit ruled in favor of our client, reversing a district court order that had dismissed a case involving soda labeling. The Ninth Circuit **recognized the "benefit of the bargain" theory for standing in consumer class actions** and held that plaintiff stated a claim based on his allegations that "he purchased beverages that he otherwise would not have purchased in absence of the alleged misrepresentations [and] lost the purchase price, or part thereof, that he paid for those beverages." After the case was remanded, it was eventually certified and became one of the first food and beverage labeling cases certified in the Northern District of California. *Chavez v. Blue Sky Natural Beverage Co.*, 268 F.R.D. 365 (N.D.Cal. 2010) (certifying nationwide class).

**B.      Selection of Important District Court Cases**

- **Dismissal of Anticompetitive Claims Against Small Business Owners.**
  GSLLP represented Veronica Foods, a small local distributor of "Ultra-Premium" olive oils, in a lawsuit filed by the North American Olive Oil Association, representing large olive oil producers, accusing Veronica Foods and its retailers of defaming the NAOOA and its members in *North American Olive Oil Association v. D'Avolio et al.*, No. 16-cv-06986 (E.D.N.Y. Dec. 19, 2016). The district court agreed with Defendants' arguments that Veronica Foods' "UP" mark was not misleading, and that the NAOOA had failed to state any facts supporting its contention that Veronica Foods' advertisements disparaged the NAOOA or its members. Judge Feuerstein granted Veronica's motion to dismiss with prejudice and without leave to amend. (Dkt. #70).

- **Denial of Motions for Summary Judgment by Peter Thomas Roth.**
  GSLLP represented consumers in a case for fraud, false advertising, and unfair competition against prestige cosmetic company Peter Thomas Roth, based on false claims in its advertising for its Water Drench and Rose Stem Cell product lines in *Kari Miller and Samantha Paulson v. Peter Thomas Roth LLC and Peter Thomas Roth Labs LLC*, No. 19-cv-00698 (N.D. Cal. Dec. 19, 2016). Noting the "helpful" expert reports submitted by plaintiffs' expert Michael Pirrung, Ph.D., the district court held that plaintiffs had presented sufficient evidence of a proper jury question as to (i) whether hyaluronic acid absorbs 1,000 times its weight in water and (ii) whether the rose stem cell products help regenerate and repair human skin. Judge Alsup denied in relevant part both PTR's motions for summary judgment. *Miller v. Peter Thomas Roth*, No. 19-cv-0698 (Dkt. #104).

- **Certification of Nationwide Settlement Class.**
  GSLLP represented consumers in the first, or nearly the first, case to propose a methodology for establishing predominance in a nationwide class settlement after the Ninth Circuit's decision in *In re Hyundai and Kia Fuel Economy Litig.*, No. 15-65014 (9th Cir. Jan. 23, 2018). The district court accepted the methodology and certified a nationwide class where the class representatives were from a variety of states that collectively represented the variations among the laws of all states. Judge Seeborg granted final approval of the settlement. *Koller v. Med Foods, Inc.*, No. 14-cv-02400-RS (Dkt. #169).

- **Arbitration and Public Injunctive Relief.**
  GSLLP represented consumers in the first, or nearly the first, case to apply *McGill v. Citibank*, N.A., 2 Cal. 5th 945 (2017) to invalidate an arbitration agreement that contained

a waiver of public injunctive relief. *McArdle v. AT&T Mobility LLC, et al.*, Case No. CV-09-01117 (N.D. Cal) (Dkt. #287). This was also the first case to rule that AT&T's arbitration provision was invalid, after the U.S. Supreme Court had upheld the enforceability of that exact provision, on other grounds, in an earlier case. *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333 (2011) (examining class action waiver). The district court held in *McArdle* that, despite *Concepcion,* the *McGill* ruling was not preempted by the Federal Arbitration Act, and it invalidated the arbitration agreement which purported to waive public injunctive relief in all forums.

- **Pleading and Certification of Claims Where Product Quality Varies.**
  GSLLP represented consumers in two cases that were the first (or among the first) in the Northern District of California in which courts found that the named plaintiffs had standing, and then later, met the requirements for class certification, where the plaintiffs had alleged that some, but not necessarily all, of the products (olive oil) failed to meet the represented grade (extra virgin). In *Koller v. Med Foods, et al.*, 3:14-cv-02400-RS (N.D. Cal. Jan. 6, 2015) (Dkt. #49), the defendant moved to dismiss based on its argument that the plaintiff lacked standing because he did not allege he tested the quality of the olive oil that he purchased and it was theoretically possible that the oil he purchased met the standard for extra virgin. The court rejected the argument, finding that "[i]n the event [plaintiff] is able to prove his allegations that the oil generally does not warrant that label because of its quality when first bottled and/or because of [defendant's] packaging and handling practices, it would hardly be a defense that some bottles may nevertheless meet the minimum standards when purchased." *Id.* at 6; *see also Kumar v. Salov N. Am. Corp.*, No. 14-CV-2411-YGR, 2015 U.S. Dist. LEXIS 12790, at *13 (N.D. Cal. Feb. 3, 2015) (denying dismissal based on standing and holding that "[w]hether some bottle of olive oil might not have degraded, despite the mixing, packaging, and shipping defects alleged, does not defeat the claim."). The defendant in one of the cases raised similar unsuccessful arguments in opposition to certification. *Koller v. Med Foods, Inc.*, No. 14-cv-02400-RS, 2017 U.S. Dist. LEXIS 141025, at *6 (N.D. Cal. Aug. 24, 2017) (finding common questions predominate and rejecting defendant's argument that "putative class member only has claims if the specific bottle he or she purchased no longer met EVOO standards, and as a result, the liability inquiry is inherently individual and not subject to class-wide resolution").

**C.    Examples of Class Settlements Obtained by GSLLP**

- *Elgindy, et al. v. AGA Service Co. et al.*, Case No. 4:20-cv-06304 (N.D. Cal.) (Dkt. No. 122) (preliminary approval of class action settlement resolving plaintiffs' allegations that defendants engaged in deceptive, unfair, and unlawful acts and practices in charging consumers hidden fees in connection with travel insurance and event ticket insurance)

- *Marek v. Molson Coors Beverage Company et al.*, Case No. 3:2021-cv-07174 (Dkt. No. 77) (plaintiff alleged that Vizzy brand hard seltzer beverages were unlawfully and misleadingly labeled as "with antioxidant vitamin C from acerola superfruit.")

- *Taylor v. Shutterfly Inc.*, Case No. 5:18-cv-00266 (N.D. Cal.) (Dkt. No. 106) (plaintiff alleged violations of consumer protection laws related to defendants' deceptive, unfair, and unlawful acts and practices in selling Groupon deals for the purchase of photo products)

- *In re The Hertz Corporation, et al.*, Case No. 20-bk-11247-MFW (Del.) (Dkt. No. 179) (plaintiff alleges violations of consumer protection laws related to Hertz, Dollar, Thrifty and Firefly brand rental cars advertising in rates in U.S. dollars during the online reservation process and advertising insurance as "optional," but converting the cost to pesos at an inflated exchange rate and charging a mandatory insurance fee when consumers pick up the cars in Mexico)

- *McArdle v. AT&T Mobility LLC, et al.*, Case No. CV-09-01117 (N.D. Cal.) (Dkt. #409) (international roaming rates) (current customers choice of automatic free day of international roaming or up to $50 account credit and former customers up to $50 cash refund)

- *Carlotti v. ASUS Computer International, et al.*, Case No. 4:18-cv-03369-DMR (N.D. Cal. June 22, 2020) (Dkt. #86) (gaming laptops) (choice of $210 credit certificate or $110 cash (or choice of $105 credit or $55 cash without certain proof of purchase) for claimants who experienced relevant issues with their laptops)

- *Fitzhenry-Russell v. The Coca-Cola Company*, Case No. 5:17-cv-00603-EJD (N.D. Cal. Oct. 3, 2019) (Dkt. #95) (ginger ale) ($2.45 million non-reverting common fund: $0.80 per unit purchased with a guaranteed minimum of $4.00 per household-claimant)

- *In re Arctic Sentinel, Inc. (Miller v. Fuhu, Inc.)*, Case No. 15-bk-12465 (Bankr. D. Del. May 7, 2019) (Dkt. #1301) (electronic tablets) (up to $30 per defective tablet purchased and up to $10 per other tablet purchased)

- *Fitzhenry-Russell, et al. v. Keurig Dr Pepper Inc., et al.*, Case No. 17-cv-00564-NC (N.D. Cal. Apr. 10, 2019) (Dkt. #350) (ginger ale) ($0.40 per unit purchased with a guaranteed minimum of $2.00 per claimant)

- *Pettit v. Procter & Gamble Company,* Case No. 15-cv-02150-RS (N.D. Cal. Mar. 29, 2019) (Dkt. #135) (flushable wipes) ($0.60 per package purchased)

- *Koller v. Med Foods Inc., et al.*, Case No. 3:14-cv-02400 (N.D. Cal. Aug. 29, 2018) (Dkt. #169) (olive oil) ($7 million non-reverting common fund)

- *Kumar v. Safeway Inc.*, Case No. RG 14726707 (Alameda County Super. Ct. Mar. 16, 2018) (olive oil) ($0.50 in cash or $1.50 in vouchers per bottle purchased)

- *Rainbow Business Solutions, Inc., et al. v. MBF Leasing LLC, et al.,* Case No. 10-cv-01993-CW (N.D. Cal. Dec. 5, 2017) (Dkt. #730) (credit card terminal leases) (refunds of overcharged property taxes and improper debits up to $9.2 million)

- *Kumar v. Salov North America Corp.*, Case No. 14-cv-2411-YGR (N.D. Cal. July 7, 2017) (Dkt. #173) (olive oil) (per-purchase payments of $0.50 per bottle on a claims-made basis up to $5 million) (settlement upheld on appeal)

- *Machlan v. Nehemiah Manufacturing Co., et al.*, Case No. CGC-14-538168 (San Francisco Super. Ct. June 5, 2017) (flushable wipes) ($1 per package purchased)

- *Mackinnon v. IMVU, Inc.*, Case No. 111-cv-193767 (Santa Clara Super. Ct. Feb. 24, 2016) (online music purchases) (automatic 60% refund of amounts paid)

- *Miller, et al. v. Ghirardelli Chocolate Company*, Case No. 12-cv-04936-LB (N.D. Cal. Feb. 20, 2015) (Dkt. #170) (white chocolate) ($5.25 million non-reverting common fund)

- *Rainbow Business Solutions, Inc., et al. v. Merchant Services, Inc., et al.,* Case No. 10-cv-01993-CW (N.D. Cal. Dec. 11, 2013) (Dkt. # 578) (credit card processing services) ($350 per claimant)

- *Mancini, et al v Ticketmaster, et al*., Case No. 07-cv-01459-DSF-JTL (C.D. Cal. Aug. 2, 2013) (Dkt. #510) (monthly coupon subscription service) ($23 million reverting common fund)

- *Chavez v. Blue Sky Natural Beverage Co., et al.*, Case No. 3:06-cv-06609-JSW (N.D. Cal. June 1, 2012) (Dkt. #318) (soda) (50% refund of purchase price up to maximum of $100 per claimant)

- *Embry v. Acer America Corp*., Case No. 09–01808 JW (N.D. Cal. Feb. 4, 2012) (Dkt. #218) (computer operating system software) (cash refunds up to $50, new operating software, and/or repairs at defendant expense, to claimants)

- *Witthoff v. Honest Tea, Inc.*, Case No. CGC-10-504987 (San Francisco Super. Ct. Jan. 10, 2012) (kombucha) (100% cash refunds to class members with proof of purchase; up to $6 in coupons to those without proof of purchase)

- *Gauss v. Millennium Products, Inc.*, Case No. CGC-10-503347 (San Francisco Super. Ct. Nov. 22, 2011) (kombucha) (same as *Witthoff*)

- *Cho v. Seagate Technology (US) Holdings, Inc.*, Case No. CGC-06-453195 (San Francisco Super. Ct. June 22, 2010) (hard disk capacity) (refunds to claimants of 5% of purchase price or drive management software valued at $40)

- *Deaton, et al. v. Hotwire*, Case No. CGC-05-437631 (San Francisco Super. Ct., December 24, 2009) (online hotel reservation taxes and fees) (refunds on claims-made basis up to $5,490,000)

- *Nelsen v. PeoplePC*, Case No. CGC-07-460240 (San Francisco Super. Ct. Aug. 8, 2008) (subscription to dial-up Internet) (refunds up to $30 per claimant)

- *Siemers v. Wells Fargo & Co. et al.*, Case no. c05-cv-04518 (N.D. Cal. Feb. 5, 2008) (Dkt. # 408) (securities fraud regarding mutual fund fees) (common fund of $1,098,500)

- *Vroegh v. Eastman Kodak Co. et al.*, Case No. CGC-04-428953 (San Francisco Super. Ct. Nov. 20, 2006) (flash memory capacity) (cash refunds to claimants of 5% of purchase price or 10% discount off future purchases)

- *Chavez v. Netflix, Inc.*, Case No. CGC-04-434884 (San Francisco Super. Ct. April 28, 2006) (DVD rental subscriptions) (free month of membership for former subscribers (retail value up to $17.99) and free month subscription upgrade for current subscribers (retail price $6.00)

- *Safier v Western Digital,* Case No. 3:05-cv-03353-BZ (N.D. Cal June 15, 2006) (Dkt. #45) (hard disk capacity) (hard drive management software valued at $30)

## D.   Selected Praise for GSLLP's Work

Many judges have commended GSLLP's work as class counsel. *See, e.g.*, *Taylor v. Shutterfly, Inc., et al.*, No. 5:18-cv-00266-BLF (N.D. Cal. Dec. 17, 2021) (Dkt. #106) (finding "Class Counsel has vigorously prosecuted this action through discovery and formal mediation" and that "Class Counsel did not compromise the claims of the Class in exchange for higher fees"); *Fitzhenry-Russell v. The Coca-Cola Company*, 5:17-cv-00603-EJD (N.D. Cal. Oct. 3, 2019) (Dkt. #95) (finding "Class Counsel has vigorously prosecuted this action through dispositive motion practice, extensive discovery, and formal mediation" and that "counsel represented their clients with skill and diligence and obtained an excellent result for the class"); *Fitzhenry-Russell, et al. v.*

*Keurig Dr. Pepper, Inc., et al.*, Case No.17-cv-00564-NC (N.D. Cal. April 10, 2019) (Cousins, J.) (finding that GSLLP "achieved a strong result through skillful litigation and settlement negotiation"); *Pettit v. Procter & Gamble Company,* Case No. 15-cv-02150-RS (N.D. Cal. Mar. 29, 2019) (Dkt. #135) (Seeborg, J.) (finding that GSLLP "represented their clients with skill and diligence and obtained an excellent result for the class"); *Kumar v. Salov North America Corp.*, Case No. 14-cv-2411-YGR (N.D. Cal. July 7, 2017) (Dkt. # 173) (Gonzales-Rogers, J.) (same); *Koller v. Med Foods Inc., et al.*, Case No. 3:14-cv-02400 (N.D. Cal. Aug. 29, 2018) (Dkt. #169) (Seeborg, J.) (finding that GSLLP were "highly qualified counsel who, throughout this case, vigorously and adequately represented their [clients'] interests"); *Kumar v. Safeway Inc.*, Case No. RG 14726707 (Alameda County Super. Ct. March 16, 2018) (Smith, J.) (same); *Rainbow Business Solutions, Inc., et al. v. MBF Leasing LLC, et al.*, Case No. 10-cv-01993-CW (N.D. Cal., Dec. 5, 2017) (Dkt. #730) (Wilken, J.) (same); *Mackinnon v. IMVU, Inc.*, Case No 111-cv-193767 (Santa Clara Super. Ct. Feb. 24, 2016) (Kirwan, J.); *Chavez v. Blue Sky Natural Beverage Co., et al.*, 3:06-cv-06609-JSW (N.D. Cal., June 1, 2012) (Dkt. #318) (White, J.); *Embry v. Acer America Corporation*, Case No. 09–cv-01808-JW (N.D. Cal. Feb. 4, 2012) (Dkt. #218) (Ware, J.) (same); *Mancini, et al. v Ticketmaster, et al.*, Case No. 07-cv-01459-DSF-JTL (C.D. Cal. August 2, 2013) (Dkt. #510) (Fischer, J.) (similar).

**E.      The Lawyers of Gutride Safier LLP**

**Adam J. Gutride**

Mr. Gutride is a founding partner of Gutride Safier LLP and has served as co-lead counsel in each of the cases litigated by the firm.

Mr. Gutride has successfully argued several of the seminal consumer class action cases in the United States Court of Appeals for the Ninth Circuit. These include *Just Film v. Buono*, 847 F.3d 1108 (2017), which established that a class could be certified to pursue claims under the federal Racketeering and Corrupt Practices Act even though class members suffered different injuries; *Stearns v. Ticketmaster,* 655 F.3d 1015 (2011), which established that a class can be certified even without proof that all persons in the class were misled; and *Chavez v. Blue Sky,* 340 Fed. Appx. 359 (2009), apparently the first food labeling case decided in the Ninth Circuit, which affirmed that deceptive statements on a soda can were actionable if they motivated the purchase.

Mr. Gutride also has defeated motions to dismiss and obtained class certification and in most cases multimillion-dollar settlements in numerous other nationwide and multistate class actions involving product mislabeling, false advertising and unfair practices. His cases have involved olive oil, white chocolate, ginger ale, flushable wipes, flash memory, hard disk drives, computer operating systems, and video rentals by mail. Mr. Gutride was appointed to the Plaintiffs' Steering Committee in *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litig.*, Case No. 19-md-02913-WHO (N.D. Cal.). Mr. Gutride spoke at the 2013 National Institute on Class Actions regarding food mislabeling.

Previously, Mr. Gutride litigated at the San Francisco based law firms of Keker & Van Ness and Orrick Herrington & Sutcliffe. During that period, Mr. Gutride represented the governor of California before the California Supreme Court and handled a nationwide securities class action against Merrill Lynch. Mr. Gutride also has served as an Instructor in Legal Research and Writing at the Hastings Law School of the University of California.

Mr. Gutride is a member of the state bar of California and several federal courts. Mr. Gutride received his juris doctorate from Yale Law School and his bachelor of arts from the University of Chicago.

**Seth A. Safier**

Mr. Safier is a founding partner of Gutride Safier LLP and has served as co-lead counsel in each of the cases listed above. Prior to founding Gutride Safier with Mr. Gutride, Mr. Safier was general counsel at an internet company and also worked as a litigator at Orrick Herrington & Sutcliffe. Mr. Safier also has served as an Instructor of Legal Research and Writing at the Hastings Law School of the University of California.

Mr. Safier is a member of the California State Bar and numerous federal courts. Mr. Safier received his juris doctorate from Harvard Law School and his bachelor of arts from Brandeis University.

**Marie A. McCrary**

Marie McCrary is a partner at Gutride Safier LLP. Prior to working with Gutride Safier, Ms. McCrary worked on complex litigation at Bell Nunnally & Martin LLP in Dallas and Carroll Burdick & McDonough, LLP in San Francisco. Prior to that, Ms. McCrary was an attorney at Quinn Emanuel Urquhart & Sullivan, LLP. Ms. McCrary has experience in complex matters involving contract disputes and business torts, patent and trade dress litigation, class actions, and creditors' rights issues.

Ms. McCrary is a member of the California, Massachusetts, Texas, and Colorado bar associations. She is admitted to practice in the United States District Court in each of the following districts: the Northern District of California, the Central District of California, the Eastern District of California, the Northern District of Texas, the Southern District of Texas, the Eastern District of Texas, and the District of Massachusetts. Ms. McCrary received her juris doctorate from New York University and her bachelor of science degree from Truman State University. Ms. McCrary was the 2004 and 2005 national champion in parliamentary debate (NPDA, NPTE).

**Matthew T. McCrary**

Mr. McCrary is a partner at Gutride Safier LLP. Prior to working with Gutride Safier, Mr. McCrary conducted complex litigation for McDermott, Will, and Emery, LLP and Baker & McKenzie, LLP. Mr. McCrary has experience litigating complex matters involving contract disputes and business torts, white collar crime, class actions, securities and antitrust issues.

Mr. McCrary is licensed to practice law in Massachusetts, Texas, and Colorado. He is admitted to practice in the United States District Court in each of the following districts: the Northern District of Texas, the Eastern District of Texas, the District of Massachusetts, and the District of Colorado. Mr. McCrary received his juris doctorate from the University of Texas at Austin School of Law and his bachelor of arts degree from the University of North Texas. Following law school, Mr. McCrary clerked for the Ninth Circuit Court of Appeals, the Honorable Carlos T. Bea.

Mr. McCrary successfully argued the seminal consumer class action case, *Davidson et al. v. Kimberly-Clark Corporation, et al.,* 873 F.3d 1103, in the United States Court of Appeals for the Ninth Circuit, which established that a putative class representative had Article III standing to pursue injunctive relief even though she was already on notice of the misrepresentation.

**Hayley Reynolds**

Hayley Reynolds is a partner at Gutride Safier LLP. Prior to working with Gutride Safier, Ms. Reynolds advised departments within Santa Clara County government as a deputy county counsel. Before that, Ms. Reynolds was a litigation associate at O'Melveny & Myers LLP, where she litigated complex matters involving employment, anti-trust, and intellectual property.

Ms. Reynolds also served as an adjunct faculty member at U.C. Hastings, teaching a moot court course for first year law students. Prior to law school, Hayley worked as a Legal Coordinator for the Center for Science in the Public Interest principally focused on advocating for food labeling reform.

Ms. Reynolds is a member of the California State Bar. She received her juris doctorate from U.C. Hastings. Before joining the office, Hayley completed a clerkship for Magistrate Judge Susan van Kuelen of the United States District Court for the Northern District of California.

**Stephen M. Raab**

Mr. Raab is a partner at Gutride Safier LLP. Prior to working with Gutride Safier, Mr. Raab represented large corporations in complex litigation and insurance matters in the New York office of Dorsey & Whitney LLP, and then handled complex insurance matters at Forsberg & Umlauf, P.S. and at Gordon & Polscer, L.L.C. Mr. Raab has litigated both on behalf of and against sophisticated companies, including in class actions, environmental investigations and cleanups, product liability claims, medical malpractice claims, food contamination claims, software disputes, and potential bad faith liability. Mr. Raab has obtained class certification in a case concerning travel insurance pricing, has obtained approval of class settlements, and has represented plaintiffs in class cases involving hidden and unlawful charges, bait-and-switch tactics, food labeling, and product labeling and warranties.

Mr. Raab is licensed in New York, Oregon, and Washington and practices in federal and state courts. He received his juris doctorate from New York University and his bachelor of arts degree from Amherst College.

**Kali Backer**

Ms. Backer is a partner at Gutride Safier LLP. Prior to working with Gutride Safier, Ms. Backer represented Fortune 500 companies at Shook, Hardy & Bacon LLP in federal and state courts nationwide. While at Shook, she litigated complex matters involving catastrophic personal injuries, product liability, trademarks, and consumer privacy class actions. Ms. Backer's litigation experience extends from obtaining complete pre-trial victories for her clients to developing appellate strategies on fundamental issues impacting cases across the country.

Ms. Backer is an active member of the Colorado and California State Bars. She received her juris doctorate from Vanderbilt University Law School where she was awarded the Dean's Scholarship and was a staff editor on the Vanderbilt Journal of Transnational Law. During law school, Ms. Backer interned for Google's litigation department. She obtained her bachelor of arts from the University of Pennsylvania in art history.

**Todd Kennedy**

Mr. Kennedy is of counsel at Gutride Safier LLP. Prior to working with Gutride Safier, Mr. Kennedy conducted complex litigation for Quinn Emanuel Urquhart & Sullivan, LLP. At Quinn, Todd successfully litigated some of the world's largest patent cases, for both plaintiffs and defendants. He helped achieve complete defense jury verdicts for Google in the company's only two patent trials—both of which were in the Eastern District of Texas, the favored venue for plaintiffs. On the plaintiffs' side, Mr. Kennedy successfully represented Sony Electronics in enforcing ten digital television patents in a series of lawsuits spanning five jurisdictions.

Mr. Kennedy clerked for one year on the Eighth Circuit U.S. Court of Appeals, and two years on the U.S. District Court for the Western District of Missouri.

Mr. Kennedy is a member of the California State Bar, the Washington State Bar, and numerous federal courts. He received his juris doctorate from the Yale Law School. He received his bachelor of arts from University of Missouri.

**Anthony J. Patek**

Mr. Patek is an attorney at Gutride Safier LLP. Prior to working with Gutride Safier, Mr. Patek conducted complex litigation for Cooley, LLP and HelixIP LLP. At Cooley and HelixIP, Anthony represented Ronald A. Katz Technology Licensing, Inc. and Zenith Electronics in their efforts to enforce their patent portfolios against numerous infringers. Representing patent owner Evolutionary Intelligence, he defeated seven petitions for inter partes reviews, and won an eighth petition on the merits at trial before the Patent Trial and Appeal Board. He has also represented major pharmaceutical and software companies and prestigious research universities in multimillion-dollar lawsuits. He has also handled significant pro bono litigation and was the lead attorney for the petitioner in *Mengstu. v. Holder*, 560 F.3d 1055 (9th Cir. 2009), a decision establishing that victims of ethnicity-based civil wars are eligible for asylum.

Mr. Patek clerked for the United States District Court for the District of Nevada, the Hon. Edward C. Reed. Anthony is a former Co-Chair of the American Bar Association's Sub-Committees on Patent Infringement and Non-Practicing Entity Litigation.

Mr. Patek is a member of the California State Bar and numerous federal courts. He received his juris doctorate from the University of California, Berkeley, Boalt Hall School of Law. He received a master of science from Stanford University and his bachelor of science from University of Michigan.

**Rajiv Thairani**

Mr. Thairani is an attorney at Gutride Safier LLP. Prior to working with Gutride Safier, Mr. Thairani was a litigation associate at Latham & Watkins LLP. Mr. Thairani has experience litigating complex matters involving human trafficking, white collar crime, SEC violations and consumer class actions.

While at Latham & Watkins, Mr. Thairani helped represent 47 plaintiffs in the largest human trafficking civil action in United States history. The clients were among more than 500 Indian laborers whom Signal International illegally recruited to conduct post-Hurricane Katrina repair work in the Gulf of Mexico. After Signal International won the initial class certification battle, Latham & Watkins joined a team of firms coordinated by the Southern Poverty Law Center that filed individual suits on behalf of the plaintiffs. The action resulted in a $20 million settlement for the victims.

Mr. Thairani is a member of the New York State Bar. He received his juris doctorate from Duke University School of Law where he was awarded the Frank Warren Snepp Jr. Scholarship and was a staff editor on the Duke Journal of Constitutional Law and Public Policy. He obtained his bachelor of arts from the University of California, Los Angeles in political science.

**Francisco Rolon**

Mr. Rolon is a lawyer at Gutride Safier LLP. Prior to working at Gutride Safier LLP, Mr. Rolon was a litigation associate at Squire Patton Boggs (US) LLP. Mr. Rolon has worked on complex matters which include antitrust, intellectual property, and class actions. He also has experience across federal and state courts nationwide.

Mr. Rolon is a member of the Georgia and Ohio State Bars. He received his juris doctorate from Georgetown University Law Center and undergraduate degree at Florida International

University. Before joining the firm, Francisco completed a clerkship with Magistrate Judge Keith F. Giblin of the United States District Court for the Eastern District of Texas.

**Patrick Branson**

Mr. Branson is a lawyer at Gutride Safier LLP. Prior to working at Gutride Safier LLP, Mr. Branson worked as a litigation associate at Weil, Gotshal & Manges LLP and Morvillo, Grand, Iason & Anello PC. Mr. Branson has worked on complex matters including securities class actions, commercial disputes, and white collar investigations. Prior to joining the firm, Mr. Branson also worked as a law clerk to the Honorable William H. Pauley III in the Southern District of New York and for the Honorable Gregory H. Woods III in the Southern District of New York.

Mr. Branson received his juris doctorate, *cum laude*, from the University of Michigan Law School, where he served as the Managing Development Editor for the Michigan Journal of Law Reform, and received his undergraduate degree from Loras College. He is a member of the New York Bar.

**F.     Trial Experience of Gutride Safier LLP Attorneys**

This section summarizes the trial experience in class and complex litigation of the attorneys in GSLLP.

In March 2020, GSLLP attorneys Mr. Gutride, Mr. Safier, Ms. McCrary, and Mr. McCrary tried to the bench the case of *Saliani, et al. v. Bay Area Toll Authority, et al.,* Case Nos. CGC-14-540384; CGC-15-549048; CGC-16-550947 (San Francisco County Superior Court). Plaintiffs alleged violations of the California Due Process Clause and California's consumer protection law related to unlawful penalties charged for toll invoices that were not received and the denial of administrative review.

While Mr. Gutride was a student at Yale Law School, he was a member of the trial team in a class action against the U.S. Government on behalf of Haitian refugees intercepted at sea and detained at the U.S. Naval Base in Guantanamo Bay, Cuba. That case, *Haitian Centers Council, et al. v. Sale*, 823 F. Supp. 1028 (E.D.N.Y 1993), included an 11-day bench trial. Although Mr. Gutride was a junior member of the trial team, he conducted the direct examination of a U.S. Government contractor regarding the conditions at Guantanamo and objected to the cross-examination by the Assistant U.S. Attorney. Mr. Gutride also assisted in setting trial strategy and in drafting motions in limine and proposed findings of fact. Mr. Gutride travelled to Guantanamo to interview the clients and to negotiate with U.S. Government officials about conditions.

More recently, Mr. Gutride assisted in the jury trial in the case of *Western MacArthur Co., et al, v. USF&G, Inc.*, Alameda County Super. Ct. Case No. 721595, an insurance coverage case that involved underlying claims by tens of thousands of injured persons. Mr. Gutride supervised the drafting of and argued all or substantially all the motions in limine. Mr. Gutride also supervised the culling and introduction into evidence of deposition testimony from dozens of witnesses, both by way of video recordings and live readings, as well as the evidentiary objections pertaining thereto. Mr. Gutride was present at trial each day and was involved in strategy regarding jury selection, expert testimony, and other issues. The trial, before Judge Bonnie Sabraw, lasted for six weeks before the case settled for more than $900 million.

In June 2016, Mr. Gutride and Mr. Safier tried to an arbitrator the case of *McArdle v. AT&T, Inc.*, a case alleging that AT&T violated California's consumer protection statutes concerning the international roaming fees imposed on mobile phone subscribers for incoming calls that were not answered. The case was pled as a class action, and a motion for class certification was briefed, but

Judge Claudia Wilken denied the motion without prejudice, ordered that the plaintiff arbitrate his individual claims and stayed the litigation pending arbitration.

Mr. Kennedy served on the trial teams on behalf of Google in *Bright Response v. Google Inc., et al.*, Case No. 2:07-cv-00279 (E.D. Tex.) and *Function Media, L.L.C. v. Google, Inc., et al.*, Case No. 2:07-cv-00371 (E.D. Tex.), which involved highly technical cases of patent infringement. In both cases, he and his team achieved complete jury verdicts of invalidity and non-infringement for Google. Mr. Kennedy prepared the expert and fact witnesses for direct and cross-examination, drafted the cross-examination of the inventor, drafted motions in limine and responses and objections to exhibits, made deposition designations, and drafted and assisted in the preparation of the closing statement.

Ms. McCrary was second-chair on the trial team in *Freight Train Advertising, LLC v. Chicago Rail Link, L.L.C.*, Case No. 11-cv-2803 (N.D. Ill.), a contract and false representations case, in which both parties alleged breach of a multimillion-dollar contract involving outdoor advertising. The case proceeded to a bench trial at which Ms. McCrary conducted cross-examination and argued to the court.

Mr. McCrary served on the trial team in *Adams v. Pilgrim's Pride Corp.*, No. 2:09-CV-397 (E.D. Tex.), a mass action involving thousands of poultry growers who brought federal antitrust claims under the Packer's and Stockyard's Act against Pilgrim's Pride Corporation, as well as claims under various state deceptive trade practices acts. The case proceeded in three separate trials, all to the bench. At the trials, Mr. McCrary cross-examined multiple adverse witnesses, made objections to opposing counsel's direct examinations, prepared motions for judgment as a matter of law, responded to a motion to strike the economics expert, and prepared trial briefs on various legal issues.

## **APPENDIX A**

Gutride Safier LLP was appointed class counsel to represent consumers, small businesses, employees and investors in each of the following cases:

Food and Beverage Labeling

- *Marek v. Molson Coors Beverage Company et al.*, Case No. 3:2021-cv-07174 (N.D. Cal.) (plaintiff alleged that Vizzy brand hard seltzer beverages were unlawfully and misleadingly labeled as "with antioxidant vitamin C from acerola superfruit.")

- *Fitzhenry-Russell v. The Coca-Cola Company*, Case No. 5:17-cv-00603-EJD (N.D. Cal.) (plaintiffs alleged violation of California's consumer protection laws for the false advertising of Seagram's ginger ale as "made with real ginger")

- *Fitzhenry-Russell, et al. v. Dr. Pepper Snapple Group, Inc., et al.*, Case No. 4:17-cv-00564-NC (N.D. Cal.) (plaintiffs alleged violation of California's consumer protection laws for the false advertising of Canada Dry ginger ale as "made from real ginger")

- *Gauss v. Millennium Products, Inc.*, Case No. CGC-10-503347 (San Francisco County Superior Court) (plaintiff alleged violation of California's consumer protection laws for the false advertising of the "GT's Kombucha" and "Synergy" brands of kombucha beverages, fermented tea drinks, as a non-alcoholic beverage despite the fact that the beverages continued to ferment after leaving the factory, allowing the alcohol content of the beverage to be as high as 3%)

- *Koller v. Med Foods Inc., et al.*, Case No. 3:14-cv-02400 (N.D. Cal.) (plaintiff alleged violation of California's consumer protection laws for the false advertising of the Bertolli and Carapelli brand olive oils as "extra virgin" and "imported from Italy" when the olive oils do not originate from Italy and do not meet the requirements for "extra virgin" olive oil)

- *Kumar v. Salov North America Corp.*, Case No. 14-cv-2411-YGR (N.D. Cal.) (plaintiff alleged violation of California's consumer protection laws for the false advertising of the Filippo Berio brand olive oils as "imported from Italy" when the olive oils do not originate from Italy)

- *Kumar v. Safeway Inc.*, Case No. RG 14726707 (Alameda County Superior Court) (plaintiff alleged violation of California's consumer protection laws for the false advertising of Safeway Select brand olive oils as "extra virgin" and "imported from Italy" when the olive oils do not originate from Italy and do not meet the requirements for "extra virgin" olive oil)

- *Miller, et al. v. Ghirardelli Chocolate Company*, Case No. 12-cv-04936-LB (N.D. Cal.) (plaintiffs alleged violation of California's consumer protection laws for the false advertising of baking chips as containing white chocolate even though they did not, and falsely labeling some products as "all natural" though they were made with non-natural ingredients)

- *Witthoff v. Honest Tea, Inc.*, Case No. CGC-10-504987 (San Francisco County Superior Court) (plaintiff alleged violation of California's consumer protection laws for the false advertising of the kombucha beverages, a fermented tea drink, as a non-alcoholic beverage despite the fact that the beverage continued to ferment after leaving the factory, allowing the alcohol content of the beverage to be as high as 3%)

- *Chavez v. Blue Sky Natural Beverage Co.*, *et al.*, Case No. 3:06-cv-06609-JSW (N.D. Cal.) (plaintiff alleged violation of California's consumer protection laws for the false advertising of the Blue Sky beverages as made in and/or originated from Santa Fe, New Mexico when the beverages were not manufactured in Santa Fe or New Mexico)

## Product Labeling

- *Carlotti v. ASUS Computer International, et al.*, Case No. 4:18-cv-03369 (N.D. Cal.) (plaintiff alleged breaches of warranties and violations of California's consumer protection laws related to deceptive marketing of ASUS gaming laptops and related to manufacturing and design defects in the laptops)

- *Cho v. Seagate Technology (US) Holdings, Inc.*, Case No. CGC-06-453195 (San Francisco County Superior Court) (plaintiff alleged violation of California's consumer protection laws related to Seagate overstating the storage capacity of its computer hard drives by approximately 7 percent)

- *Embry v. Acer America Corporation*, Case No. 09-cv-01808 (N.D. Cal.) (plaintiff alleged violation of California's consumer protection laws for false advertising of its computers as including a specified version of Microsoft Windows despite the computers not including the software, which resulted in users typically losing their user-installed applications and user files if the computer's hard drive failed)

- *In re Arctic Sentinel, Inc.* (*Miller v. Fuhu, Inc.*), Case No. 15-bk-12465 (Bankr. D. Del.) (plaintiff alleged violation of California's consumer protection laws related to the Nabi tablets, which were sold with defective power adapters that did not recharge the tablets)

- *Machlan v. Nehemiah Manufacturing Co., et al.*, Case No. CGC-14-538168 (San Francisco County Superior Court) (plaintiff alleged violation of California's consumer protection laws for false advertising of Kandoo flushable wipes advertising as being "flushable" when the wipes are not suitable for flushing and clog household plumbing and city sewers)

- *Pettit v. Procter & Gamble Company*, Case No. 15-cv-02150 (N.D. Cal.) (plaintiff alleged violation of California's consumer protection laws for false advertising of the Charmin Freshmates flushable wipes as being "flushable" when the wipes are not suitable for flushing and clog household plumbing and city sewers)

- *Safier v Western Digital,* Case No. 3:05-cv-03353 (N.D. Cal) (plaintiff alleged violation of California's consumer protection laws related to Western Digital overstating the storage capacity of hard disk drives by approximately 4 percent)

- *Vroegh v. Eastman Kodak Co., et al.*, Case No. CGC-04-428953 (San Francisco County Superior Court) (plaintiff alleged violation of California's consumer protection laws related to Eastman Kodak Co. overstating the storage capacity of flash memory drives by approximately 4 percent)

## Billing, Subscriptions and Online Purchasing Fraud

- *Chavez v. Netflix, Inc.*, Case No. CGC-04-434884 (San Francisco County Superior Court) (plaintiff alleged violation of California's consumer protection laws related to Netflix advertising its online video rental service)

- *Deaton v. Hotwire, Inc.*, Case No. CGC-05-437631 (San Francisco County Superior Court) (plaintiff alleged violation of California's consumer protection laws related to Hotwire's

added "service fees" to each hotel reservation made on its website for "taxes and fees" that were actually variable amounts designed to disguise the true cost of the room)

- *Mackinnon v. IMVU, Inc.*, Case No. 1-11-cv-193767 (Santa Clara County Superior Court) (plaintiff alleged violation of California's consumer protection laws related to the limited playback of audio products that consumers purchased for real money to play in the IMVU virtual universe).

- *Mancini, et al. v. Ticketmaster et al.*, Case No. 2:07-cv-01459 (C.D. Cal.), (plaintiff alleged violation of the federal Electronic Funds Transfer Act and consumer protection laws related to Defendants failure to disclose to customers on Ticketmaster's website that they would be enrolled in an online coupon service with reoccurring charges)

- *McArdle v. AT&T Mobility LLC, et al.*, Case No. CV-09-01117 (N.D. Cal) (plaintiff alleged violation of California's consumer protection laws related to international roaming rates)

- *Moretti v. The Hertz Corporation, et al.*, Case No. 1:14-cv-00469 (Del.) (plaintiff alleged violations of consumer protection laws related to Hertz, Dollar, Thrifty and Firefly brand rental cars advertising in rates in U.S. dollars during the online reservation process and advertising insurance as "optional," but converting the cost to pesos at an inflated exchange rate and charging a mandatory insurance fee when consumers pick up the cars in Mexico) (stayed and subject to bankruptcy proceeding *In re The Hertz Corporation*, Case No. 1:20-bk-11247 (D. Del.)

- *Nelsen v. PeoplePC, Inc*., Case No. CGC-07-460240 (San Francisco County Superior Court) (plaintiff alleged violation of California's consumer protection laws related to PeoplePC's practice of continuing to charge customers for its dialup Internet service even when they requested cancellation)

- *Taylor v. Shutterfly Inc.*, Case No. 5:18-cv-00266 (N.D. Cal.) (plaintiff allege violations of consumer protection laws related to defendants' deceptive, unfair, and unlawful acts and practices in selling Groupon deals for the purchase of photo products)

- *Rainbow Business Solutions, Inc., et al. v. MBF Leasing LLC, et al.,* Case No. 10-cv-01993-CW (N.D. Cal.) (plaintiffs alleged violation of state and federal laws including violations of the Racketeer Influenced and Corrupt Organizations Act and Fair Credit Reporting Act relating to the illegal collection of taxes on leased equipment, resulting in small businesses being overcharged)

<u>Insurance</u>

- *Elgindy, et al. v. AGA Service Co. et al.*, Case No. 4:20-cv-06304 (N.D. Cal.) (plaintiffs alleged violations of consumer protection laws related to defendants' deceptive, unfair, and unlawful acts and practices in charging consumers hidden fees in connection with travel insurance and event ticket insurance)

- *Miller, et al. v. Travel Guard Group, Inc., et al.*, Case No. 3:21-cv-09751 (N.D. Cal.) (class certified on September 15, 2023) (plaintiffs allege violations of consumer protection laws regarding hidden fees associated with travel insurance and assistance related to the travel insurance service)

Securities

- *Siemers v. Wells Fargo & Co. et al.*, Case No. 05-4518 (N.D. Cal.) (plaintiff alleged violation of §12(a)(2) of the Securities Act of 1933 and §10(b) of the Securities Exchange Act of 1934 related to an undisclosed kickback scheme)

Employment

- *Haven v. Betz & Sons*, Case No. CGC-05-438719 (San Francisco County Superior Court) (plaintiff alleged violation of California's wage and hour laws)

Toll Processing/Government

- *Saliani, et al. v. Bay Area Toll Authority, et al.*, Case Nos. CGC-14-540384; CGC-15-549048; CGC-16-550947 (San Francisco County Superior Court) (plaintiffs allege violation of the California Due Process Clause and California's consumer protection law related to unlawful penalties charged for toll invoices that were not received and the denial of administrative review)

## APPENDIX B

In addition, Gutride Safier LLP is currently serving as plaintiffs' counsel of record in each of the following cases with class allegations in which a class has not yet been certified:

Food and Beverage Labeling

- *Davidson, et al. v. Sprout Foods Inc.*, Case No. 4:22-cv-01050 (N.D. Cal.) and *Davidson, et al. v. Sprout Foods Inc.*, Case No. 22-16656 (9th Cir.) (plaintiffs allege violations of consumer protection laws for making nutrient claims on food products intended for children under the age of two; case is currently on appeal)

- *Harville v. Three Wishes Foods, Inc.*, Case No. 5:22-cv-04774 (N.D. Cal.) (plaintiff alleges violations of consumer protection laws for falsely advertising the amount of protein in cereals)

- *Howard v. Gerber Products Company*, Case No. 3:22-cv-04779 (N.D. Cal.) (plaintiff alleges violations of consumer protection laws for making nutrient claims on food products intended for children under the age of two)

- *Howard, et al. v. Hain Celestial Group, Inc.*, Case No. 3:22-cv-00527 (N.D. Cal.) (plaintiffs alleges violations of consumer protection laws for making nutrient claims on food products intended for children under the age of two; case is currently on appeal)

- *Loza, et al. v. The Hershey Company*, Case No. 3:23-cv-01455 (N.D. Cal.) (plaintiffs allege violations of consumer protection laws for misleading claims that chocolate products are "stevia sweetened" even though the predominate sweetener in the products is erythritol)

- *McKay v. Sazerac Company, Inc.*, Case No. 3:23-cv-05822 (N.D. Cal.) (plaintiff alleges violations of consumer protection laws for the unlawful and misleading advertising of Fireball mini-bottles' alcohol content)

- *Miller v. Nature's Path Foods, Inc.*, Case No. 4:23-cv-05711 (N.D. Cal.) (plaintiff alleges violations of consumer protection laws for falsely advertising the amount of protein in food products)

- *Myles, et al. v. A Better Brand, Inc.*, Case No. 4:24-cv-00495 (N.D. Cal.) (plaintiffs allege violations of consumer protection laws for false advertising regarding the amount of protein in food products)

- *Roffman v. REBBL, Inc.*, Case No. 3:22-cv-05290 (N.D. Cal.) (plaintiffs allege violation of consumer protection laws for falsely advertising the amount of protein in beverages)

- *Sanchez v. Nurture, Inc.*, Case No. 5:21-cv-08566 (N.D. Cal.) (plaintiff alleges violations of consumer protection laws for making nutrient claims on food products intended for children under the age of two)

- *Sierra Club v. The Coca-Cola Co., et al.*, Case No. 3:21-cv-04644 (N.D. Cal.) and *Swartz, et al. v. The Coca-Cola Co. et al.*, Case No. 3:21-cv-04643 (plaintiff alleges violations of the Environmental Marketing Claims Act and the California Unfair Competition Law for falsely advertising plastic water bottles as "100% Recyclable")

- *Swartz v. Dave's Killer Bread, et al.*, Case No. 4:21-cv-10053 (N.D. Cal.) and *Taylor v. Dave's Killer Bread, et al.*, Case No. 1:23-cv-16439 (N.D. IL) (plaintiffs allege violations

of consumer protection laws for false advertising regarding the amount of protein in bread products)

- *Wallach, et al. v. Dr. KellyAnn LLC*, Case No. 3:24-cv-01339 (N.D. Cal.) (plaintiffs allege violations of consumer protection laws for false protein claim labeling of their bone broth food products)

Product Labeling

- *Gershzon et al. v. Colgate-Palmolive Company*, Case No. 3:23-cv-04086-JCS (N.D. Cal.) (plaintiffs allege false and misleading advertising of toothpaste tubes as recyclable)

- *Meza v. Coty, Inc.*, Case No. 5:22-cv-05291 (N.D. Cal.) (plaintiff alleges violations of consumer protection laws for making misleading "24HR" SPF claims on CoverGirl and Rimmel makeup brands)

- *Shakya et al. v. Fantasia Trading LLC et al.*, Case 4:23-cv-03925 (N.D. Cal.) (plaintiff alleges violations of the consumer protection laws regarding Eufy cameras advertised as having 1080p resolution)

- *Slaten v. Christian Dior Perfumes, LLC*, Case No. 3:23-cv-00409 (N.D. Cal.) (plaintiff alleges violations of consumer protection laws for making misleading "24HR" SPF claims on the cosmetic products; case is currently on appeal)

- *Starratt, et al. v. Immedia Semiconductor LLC, et al.*, Case No. 4:22-cv-04775 (N.D. Cal.) (plaintiffs allege violations of the consumer protection laws regarding Blink cameras advertised as having 1080p resolution)

- *McWhorter, et al. v. The Procter & Gamble Company*, Case No. 3:24-cv-00806 (N.D. Cal.) (plaintiffs allege violations of consumer protection laws on shampoo and conditioner products making claims regarding "natural-origin" or "naturally-derived" ingredients)

- *Zimmerman v. L'Oreal USA, Inc.*, Case No. 3:22-cv-07609 (N.D. Cal.) (plaintiff alleges violations of consumer protection laws for making misleading "24HR" SPF claims on L'Oréal and Lancôme makeup brands)

Privacy Cases

- *Bloom v. Zuffa, LLC*, Case No. 2:22-cv-00412 (D. Nev.) (plaintiff alleges violations of the Video Privacy Protection Act in connection with UFC Fight Pass subscriptions)

- *Briskin v. Shopify Inc. et al.*, Case No. 4:21-cv-06269 (N.D. Cal.) and *Briskin v. Shopify Inc. et al.*, Case No. 22-15815 (9th Cir.) (plaintiff alleges violations of privacy laws related to defendants' undisclosed and unauthorized sharing of consumers' private information; case is currently on appeal)

Other Deceptive Practices

- *Koller, et al. v Monsanto Company, et al.*, Case No. 3:22-cv-04260 (N.D. Cal.) and *Koller, et al. v. Monsanto Company, et al.*, Case No. 24-00043 (9th Cir.) (plaintiffs allege violations of consumer protection laws associated with the manufacturing, marketing, and sale of glyphosate-based herbicides sold under the brand name "Roundup"; case is currently on appeal)

- *Lopez v. Dave Inc.*, Case No. 5:22-cv-04160 (N.D. Cal.) and *Lopez v. Dave Inc.*, Case. No. 22-16915 (9th Cir.) (plaintiff alleges violations of consumer protection laws and state and federal banking laws related to improperly disclosed fees associated with obtaining cash advances using the Dave app)

- *Valentine, et al. v. Crocs, Inc.*, Case No. 3:22-cv-07463 (N.D. Cal.) (plaintiffs allege fraud, deceit, and/or misrepresentations related to the Crocs shoes which shrink upon exposure to ordinary heat, direct sunlight, and/or water)

- *Williams v. Affinity Insurance Services, Inc., et al.*, Case No. 4:23-cv-06347 (plaintiff alleges violations of consumer protection laws regarding hidden fees associated with travel insurance and assistance related to the travel insurance service)